IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID B.,[1]                                             Case No. 6:23-cv-00614-SB

      Plaintiff,                          **OPINION AND ORDER**

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

_____

**BECKERMAN, U.S. Magistrate Judge.**

   David B. ("Plaintiff") brings this appeal challenging the Commissioner of Social

Security's ("Commissioner") denial of his application for Supplemental Security Income ("SSI")

under Title XI of the Social Security Act. The only dispute on appeal is whether the Court should

remand for further proceedings or for an award of benefits. (*See* Def.'s Br. & Req. Remand

("Def.'s Br.") at 2, ECF No. 10, agreeing that the Court should reverse and remand but not for an

award of benefits). The Court has jurisdiction over this appeal pursuant to 42 U.S.C. § 405(g),

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last
name of the non-governmental party.

PAGE 1 – OPINION AND ORDER

and the parties have consented to the jurisdiction of a magistrate judge pursuant to

28 U.S.C. § 636(c). For the reasons that follow, the Court reverses the ALJ's decision and

remands for the calculation and payment of benefits.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings

are "not supported by substantial evidence or based on legal error." *Bray v. Comm'r of Soc. Sec.*

*Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880,

882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence]

but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.

1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a

specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir.

2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court

must consider the entire record, weighing the evidence that both supports and detracts from the

Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or

denial of Social Security benefits, the district court "may not substitute [its] judgment for the

[Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152

(9th Cir. 2007)).

## BACKGROUND

### I.    PLAINTIFF'S APPLICATION

Plaintiff was born in April 1982, making him thirty-seven years old at the time of filing.

(Tr. 19, 190-95.) Plaintiff alleges disability due to mental and physical impairments. He alleges

he suffers from back pain, anxiety, depression, and autism spectrum disorder. (*Id.* at 190, 213.)

The Commissioner denied Plaintiff's application initially and upon reconsideration, and on October 26, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 92-95.) Plaintiff, his attorney, and a vocational expert ("VE") appeared in person and testified at an administrative hearing on July 26, 2022. (*Id.* at 29-57.) On August 31, 2022, the ALJ issued a written decision denying Plaintiff's application. (*Id.* at 13-21.) On March 16, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the final decision of the Commissioner. (*Id.* at 1-6.) Plaintiff now seeks judicial review of the ALJ's decision.

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011) (citation omitted). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25 (citation omitted).

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id*. at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that

exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100 (citation omitted). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 13-21.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 25, 2019, the application date. (*Id.* at 15.) At step two, the ALJ found that Plaintiff suffered from the following severe, medically determinable impairments: "degenerative disc disease, anxiety, autism spectrum, depression, and social anxiety disorder." (*Id.*)

At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.* at 16.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform "a range of medium work" except he was limited to "simple and routine instructions and tasks." (*Id.* at 17.) The ALJ also limited him to tolerate "no more than occasional interaction with the public," but "frequent interaction with co-workers and supervisors." (*Id.*) Lastly, the ALJ limited Plaintiff to no "conveyer or production-paced work." (*Id.*) At step four, the ALJ concluded that Plaintiff is unable to perform any past relevant work. (*Id.* at 19.) At step five, the ALJ determined that Plaintiff was not disabled because a significant number of jobs existed in the national economy that he could perform, including work as a kitchen helper, laundry worker, and automobile detailer. (*Id.* at 20.)

### DISCUSSION

Plaintiff argues that the ALJ made three errors: (1) the ALJ erred in his evaluation of medical opinion evidence from Dr. Slatick, PMHNP Hall, Dr. Ju, and Dr. Kessler, which

resulted in an RFC formulation that exceeds Plaintiff's abilities; (2) the ALJ improperly rejected lay witness testimony; and (3) the ALJ improperly rejected Plaintiff's subjective symptom testimony. (*See generally* Pl.'s Opening Br., ECF No. 8.) The Commissioner concedes that the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting evidence and that the ALJ committed harmful legal error. (*See* Def.'s Br. at 2-3.) The Commissioner argues, however, that "outstanding issues exist as to the persuasiveness of the medical opinions, which found conflicting degrees of limitations, and remand is necessary for the ALJ to resolve the conflicts in these opinions." (*Id*. at 3.)

Regarding Plaintiff's assignments of error, the Commissioner does not directly address any of the specific errors Plaintiff identified in his brief. (*See id*.) Consistent with the Commissioner's concessions, the Court finds that the ALJ erred as Plaintiff has alleged. *See Johnny T. v. Berryhill*, No. 6:18-cv-00829-AA, 2019 WL 2866841, at *2-3 (D. Or. July 2, 2019) ("[T]he Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues. A contrary finding would force Plaintiff to relitigate the same issues if he appeals the ALJ's next decision when he has already spent the time and resources on those issues in this appeal. Parties do not have the luxury of picking and choosing which arguments they want to address now, and which they prefer to save for later. It is the Commissioner's burden to defend its decision below and failing to address the merits of Plaintiff's arguments does not mean that those decisions can be contested in the future.") (citations omitted); *see also Krista B. v. Comm'r of Soc. Sec. Admin.*, No. 3:20-cv-01822-HL, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021) (holding that the court will not "independently review and assess [p]laintiff's arguments where the Commissioner has not done so on review").

Thus, the only issue before the Court is the proper remedy: remand for further administrative proceedings or remand for the payment of benefits. *See Johnny T.*, 2019 WL 2866841, at *2-3 (holding that in light of "the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony[,] . . . the only issue is whether the case should be remanded for an immediate award of benefits" and "find[ing] that it should") (citations omitted).

## I.    REMEDY

### A.    Applicable Law

Where, as here, a district court determines (or the parties stipulate) that the Commissioner's decision is not supported by substantial evidence or based on harmful legal error, "sentence four of [42 U.S.C.] § 405(g) authorizes the court to 'revers[e] the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). Except in "rare circumstances," the "proper course" is to remand for "additional investigation or explanation[.]" *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2017) (quoting *Treichler*, 775 F.3d at 1099). Thus, courts generally follow the "ordinary remand" or "default" rule and remand for further proceedings. *See Treichler*, 775 F.3d at 1099-1100 (noting that courts "generally remand" for further proceedings under the "ordinary remand rule," which "generally guides [the] review of administrative decisions"); *see also Miskey v. Kijakazi*, 33 F.4th 565, 574-75 (9th Cir. 2022) (affirming the district court's decision to follow the "default rule" and remand for further proceedings).

### B.    The Credit-as-True Rule

Congress has also "granted courts some additional flexibility in [42 U.S.C.] § 405(g) 'to reverse or modify an administrative decision without remanding the case for further

proceedings.'" *Treichler*, 775 F.3d at 1099 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177-78 (9th Cir. 2000)). Consequently, courts may remand for an award of benefits in "appropriate circumstances." *Id.* at 1100 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014)).

Remanding for an award of benefits is not appropriate unless three prerequisites are met. *See Dominguez*, 808 F.3d at 407-08 (explaining that Ninth Circuit "case law precludes a district court from remanding a case for an award of benefits unless [three] prerequisites are met" (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014))). The Ninth Circuit refers to this three-part legal framework as the "*Varney*" or "credit-as-true" rule. *See Treichler*, 775 F.3d at 1100 ("[The Ninth Circuit] distilled the *Varney* rule (sometimes referred to as the 'credit-as-true' rule) into three [prerequisites]."); *see also Garrison*, 759 F.3d at 999, 1019-23 (applying and referring interchangeably to the three-part "credit-as-true" rule, standard, doctrine, and analysis); *Dominguez*, 808 F.3d at 407-10 (applying and referring generally to the three-part "legal framework" for analyzing whether a court abused its discretion in selecting an appropriate remand remedy).

## 1. The First Prerequisite

The first prerequisite is that the ALJ "failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion[.]" *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2018) (quoting *Garrison*, 759 F.3d at 1020); *see also Treichler*, 775 F.3d at 1100-01 (asking first if the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion" (quoting *Garrison*, 759 F.3d at 1020)); *Dominguez*, 808 F.3d at 407 ("[A] court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence." (citing *Burrell*, 775 F.3d at 1141)).

///

2.    **The Second Prerequisite**

The second prerequisite is that there are no outstanding issues that must be resolved before a disability determination may be made and further proceedings would serve no useful purpose.[2] *See Leon*, 880 F.3d at 1045 ("[Second], we determine 'whether there are outstanding issues that must be resolved before a disability determination can be made, and whether further administrative proceedings would be useful.'" (simplified) (quoting *Treichler*, 775 F.3d at 1101)).

"Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time[.]" *Treichler*, 775 F.3d at 1101 (simplified). As such, a court's evaluation of whether the second prerequisite is satisfied necessarily involves consideration of, among other things, "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether

---

[2] In a footnote in *Garrison*, the Ninth Circuit stated that the third prerequisite, which the Court details below, "naturally incorporates what [the Ninth Circuit] ha[s] sometimes described as a distinct requirement of the [three-part analysis], namely that there are no outstanding issues that must be resolved before a determination of disability can be made." 759 F.3d at 1020 n.26 (citation omitted). More recently, however, the Ninth Circuit has explained that a distinct requirement under the second prerequisite is that there are no outstanding issues that must be resolved before a determination of disability can be made. *See Treichler*, 775 F.3d at 1105-06 ("[O]ur case law . . . requires us to assess whether there are outstanding issues requiring resolution *before* considering whether to hold that the [improperly discredited evidence] is credible as a matter of law. . . . [O]nly where 'there are no outstanding issues that must be resolved before a determination of disability can be made,' do we have discretion to credit [improperly discredited evidence] as true and remand for benefits, and only then where [the third prerequisite is met, i.e.,] 'it is clear from the record that the ALJ would be required to find [the claimant] disabled' were such evidence credited.") (citations omitted); *Leon*, 880 F.3d at 1046-48 (explaining that "*Treichler* provides a second part of the analysis that asks," among other things, "whether there are outstanding issues that must be resolved before a determination of disability can be made" and declining to "reach step three . . . because at step two [of the analysis], it [was] clear that further administrative proceedings [were] needed to make a disability determination") (simplified).

PAGE 8 – OPINION AND ORDER

the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-04 (citation omitted); *see also Leon*, 880 F.3d at 1046-47 ("The second [prerequisite] . . . requires us to determine whether the record has been developed thoroughly and is free of conflicts, ambiguities, or gaps.") (citations omitted); *Dominguez*, 808 F.3d at 407-10 (turning second to "whether the record ha[d] been fully developed and further administrative proceedings would serve no useful purpose," *i.e.*, whether the record had been "fully developed, [was] free from conflicts and ambiguities, and all essential factual issues ha[d] been resolved," and explaining that further proceedings were "require[d]" because of "inconsistencies, conflicts, and gaps in the record") (simplified).

### 3.    The Third Prerequisite

The third prerequisite is that "the ALJ would be required to find the claimant disabled on remand' if the 'improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (quoting *Burrell*, 775 F.3d at 1141). In other words, assuming the "first two [prerequisites] are satisfied, [the court] then credit[s] the discredited [evidence] as true for the purpose of determining whether, on the record taken as a whole, there is no doubt as to disability." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 775 F.3d at 1101); *see also Treichler*, 775 F.3d at 1101 ("Third, if we conclude that no outstanding issues remain and further proceedings would not be useful, we may apply our prophylactic *Varney* rule, finding the relevant testimony credible as a matter of law, . . . and then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding.") (simplified); *Dominguez*, 808 F.3d at 407 ("Said otherwise, the district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true.").

### 4.    The Court's Discretion

If the third prerequisite is satisfied, "the district court may exercise its discretion to remand the case for an award of benefits." *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141). A district court, however, is "generally not required to exercise such discretion[.]" *Id.* (citing *Connett v. Barnhart*, 340 F.3d 871, 874-76 (9th Cir. 2003) and *Harman*, 211 F.3d at 1178).

Indeed, in *Treichler*, the Ninth Circuit explained that even if the credit-as-true prerequisites are met, a court is not required to exercise its discretion to remand for an award of benefits:

> When all three elements of this *Varney* rule are satisfied, a case raises the rare circumstances that allow us to exercise our discretion to depart from the ordinary remand rule. Of course, even when those rare circumstance are present, the decision whether to remand a case for additional evidence or simply to award benefits is in our discretion[.] . . . We have frequently exercised our discretion to remand for further proceedings, rather than for benefits[.]

775 F.3d at 1101-02 (simplified); *see also Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) ("Even if all three [prerequisites] are met, '[t]he decision whether to remand a case for [further proceedings] or simply to award benefits is in [a court's] discretion.'" (quoting *Treichler*, 775 F.3d at 1101-02)); *Leon*, 880 F.3d at 1045 (explaining that *Treichler* "examined the extent of [a court's discretionary] 'flexibility'" to remand for an award of benefits and "emphasiz[ed] the court's discretion is a departure from the ordinary remand rule[,]" a claimant's satisfaction of the *Varney* rule "does not automatically result in a determination that the claimant . . . should be awarded benefits immediately[,]" and the "*Varney* rule does not require a court to remand for an immediate award of benefits when the three *Varney* rule conditions have been satisfied").

///

C.    ANALYSIS

The Court finds that the credit-as-true standard is satisfied here and that remand for the payment of benefits is appropriate.

First, the Commissioner has acknowledged that the ALJ erred by, *inter alia*, failing to provide legally sufficient reasons supported by substantial evidence for discounting the medical opinion evidence. (*See* Def.'s Br. at 1-6.) Thus, the first prong of the credit-as-true standard is satisfied here. *See Michael P. v. Berryhill*, No. 3:18-cv-00902-YY, 2019 WL 3210096, at *2 (D. Or. June 27, 2019) ("[T]he first requisite of the Garrison test is met, as the Commissioner concedes the ALJ erroneously assessed the medical opinion evidence."), *findings and recommendation adopted*, 2019 WL 3206842 (D. Or. July 16, 2019).

Second, the record has been fully developed, including treatment notes from Plaintiff's multiple providers spanning the relevant time period, opinions from several medical sources, and Plaintiff's testimony about the severity and effects of his impairments. *See Treichler*, 775 F.3d at 1104 (holding that to determine whether the record is fully developed, the court looks to whether there are "significant factual conflicts in the record").

The Commissioner argues that the Court should remand for further administrative proceedings to allow the ALJ to reevaluate Plaintiff's application, including updating the record, offering Plaintiff a new hearing, and reassessing the persuasiveness of the medical opinions "which found conflicting degrees of limitations." (*See* Def.'s Br. at 3, 8.) According to the Commissioner, the medical opinions are divided on the issue of Plaintiff's limitations and there is serious doubt as to his disability. (*See id.* at 4, 6.) Specifically, the Commissioner argues that the state agency consultants' opinions "largely conflict" with Dr. Slatick's more restrictive opinion, and that such conflicts warrant remand so the ALJ to "reconcile these conflicting opinions." (*Id.* at 4.)

Dr. Slatick opined that given the combination of "[Plaintiff]'s autism spectrum disorder [and] his difficulties with mood and anxiety, it is likely that he is going to experience lifelong difficulties in training, and employment environments." (Tr. 312.) State agency consultant Dr. Ju concluded Plaintiff has "moderate" limitations with carrying out detailed instructions and maintaining attention and concentration for extended periods, but could "interact appropriately [with] others during routine and superficial encounters." (*Id.* at 66-67.) State agency consultant Dr. Kessler limited Plaintiff to "occ[asional] public and co-worker contact[.]" (*Id.* at 80.)

Plaintiff argues that further proceedings are not necessary where there are conflicting medical opinions from non-examining sources, similar to the facts in *Garrison*. (Pl.'s Reply Br. at 12-16, ECF No. 12.) The Court agrees.

As *Treichler* guides, courts look to whether there are "significant factual conflicts in the record." *Treichler*, 775 F.3d at 1104. Although there are almost always factual conflicts in the record, *significant* factual conflicts are not present here, and there is substantial evidence in the record that supports Dr. Slatick and Dr. Kessler's opinions regarding Plaintiff's social limitations. (*See, e.g.,* Tr. 288-89 "[Plaintiff] has limited awareness of social norms and often misses social cues;" "[it takes] detailed planning, taking [Plaintiff's] specific needs into account, along with familiar one[-]on[-]one support" to get Plaintiff out of the house and into social settings; *see also id.* at 287, 708-09, 731-866.) The ALJ failed to acknowledge that Plaintiff required the assistance of an intellectual and developmental disabilities agency to be able to leave his house at all. (Pl.'s Opening Br. at 29, *see also* Tr. 507-08, 781, 791.)

Finally, the ALJ already weighed the medical opinions and the Commissioner concedes error in the ALJ's evaluation (*see* Def.'s Br. at 3), which supports the Court's conclusion that revisiting the same analysis would not serve a "useful purpose." *See Garrison*, 759 F.3d at

1021 ("Although the Commissioner argues that further proceedings would serve the 'useful purpose' of allowing the ALJ to revisit medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis.") (citations omitted); *see also Dollene C. v. Kijakazi*, No. 3:22-cv-00352-SB, 2023 WL 4488162, at *4-5 (D. Or. July 12, 2023) (rejecting the Commissioner's argument that "divided" medical opinions require remand proceedings and awarding benefits where "[t]he Court specifically finds that further proceedings would serve no useful purpose here because [one physician's] opinion alone requires a finding of disability.")

The Court specifically finds that further proceedings would serve no useful purpose here because Dr. Slatick's opinion alone requires a finding of disability. The Commissioner does not contest Plaintiff's argument that the ALJ erred in evaluating Dr. Slatick's opinion. Based on his observations of Plaintiff during the psychological evaluation, Dr. Slatick opined that Plaintiff cannot work without accommodations. (*See* Tr. 312-13.) Accommodated work is not the same as substantial gainful activity. *See* 20 C.F.R. § 416.973(c) ("The work you are doing may be done under special conditions that take into account your impairment, such as work done in a sheltered workshop or as a patient in a hospital. If your work is done under special conditions, we may find that it does not show that you have the ability to do substantial gainful activity.") Special conditions include the following: (1) the claimant required and received special assistance from other employees in performing his work; (2) the claimant was allowed to work irregular hours or take frequent rest periods; (3) the claimant was provided with special equipment or was assigned work especially suited to his impairment; (4) the claimant was able to work only because of

specially arranged circumstances, for example, other persons helped him prepare for or get to and from work; (5) the claimant was permitted to work at a lower standard of productivity or efficiency than other employees; and (6) the claimant was given the opportunity to work, despite his impairment, because of family relationship, past association with his employer, or his employer's concern for his welfare. *See id*.

Here, Dr. Slatick's opinion demonstrates Plaintiff would need "[a]n employment situation in which his employer can be apprised of his diagnoses and be willing to work with him and accommodate him where possible[.]" (Tr. 312.) Dr. Slatick also opined that employers would be "asked to provide clear, frequent and honest feedback" regarding Plaintiff's job performance but also with any concerns they may have "regarding his social or other behaviors even if it might seem 'indelicate'" to do so. (*Id*. at 312-13.) Dr. Slatick made it clear that non-verbal and non-literal cues and communications often used "as a matter of course" would be "lost on [Plaintiff]." (*Id.* at 313.) Finally, Plaintiff "should be asked to verbally demonstrate his understanding of the feedback offered." (*Id*.) These accommodations qualify as "specially arranged circumstances," or being "assigned work especially suited to his impairment[.]" *See* 20 C.F.R. § 416.973(c). Thus, concluding that Plaintiff may perform a range of medium work with occasional interaction with the public and *frequent* interaction with co-workers and supervisors misstates Plaintiff's capabilities. (*See* Tr. 17.) If Dr. Slatick's improperly discredited medical opinion evidence is credited as true, the ALJ would be required to find Plaintiff disabled because he cannot perform substantial gainful activity or sustain competitive employment.

The record as a whole does not create serious doubt as to whether Plaintiff is disabled within the meaning of the Social Security Act, and therefore the Court remands this case for the calculation and payment of benefits. *See Shane W. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-

01901-YY, 2022 WL 2354604, at *9 (D. Or. June 30, 2022) (reversing and remanding for the award of benefits where the improperly discredited evidence was credited as true, as it was apparent that the plaintiff could not maintain a full-time job due to his autism spectrum disorder).

## CONCLUSION

For the reasons stated, the Court REVERSES the Commissioner's decision and REMANDS for the calculation and payment of benefits.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2024.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge